1  Abran E. Vigil
   Nevada Bar No. 7548
2  BALLARD SPAHR LLP
   100 North City Parkway, Suite 1750
3  Las Vegas, Nevada 89106-4617
   Phone:  (702) 471-7000
4  Facsimile:  (702) 471-7070
   Email:  VigilA@ballardspahr.com
5
   Attorneys for Defendants
6  HESS CORPORATION AND
   HESS INVESTMENT CORP
7
8  [Additional counsel on signature page]

9  **UNITED STATES DISTRICT COURT**

10 **DISTRICT OF NEVADA**

11 ROGER   SMITHERMAN,   on   behalf   of      Case No.:  3:10-cv-00519-ECR-RAM
   Himself and all others similarly situated,
12                                                CLASS ACTION
                  Plaintiff,
13                                                **DEFENDANTS' MOTION TO
         v.                                       CONSOLIDATE AND TRANSFER CASES**
14
15 PATRICK   D.   O'BRIEN,   ANDREW   P.
   CALERICH,  JON  R.  WHITNEY,  NICK
16 DeMARE,   SCOTT   HOBBS,   HESS
   CORPORATION,    HESS    INVESTMENT
17 CORP., and AMERICAN OIL & GAS INC.,
18               Defendants.
19 JOSEPH V. LUVARA, Individually and on      Case No.:  3:10-cv-00514-ECR-VPC
   Behalf of All Others Similarly Situated,
20
                  Plaintiff,
21
         v.
22
23 AMERICAN OIL & GAS INC., PATRICK D.
   O'BRIEN, ANDREW P. CALERICH, JON R.
24 WHITNEY,   NICK   DeMARE,   SCOTT
   HOBBS, and HESS CORPORATION,
25
26               Defendants.
27
28

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

DMWEST #7776444 v1

1   RICHARD BUCKMAN, Individually and on    Case No.: 3:10-cv-00513-RCJ-VPC

2   Behalf of All Others Similarly Situated,

3                Plaintiff,

4     v.

5   AMERICAN OIL & GAS INC., PATRICK D.

6   O'BRIEN, ANDREW P. CALERICH, JON R.
    WHITNEY,    NICK    DeMARE,    SCOTT

7   HOBBS, and HESS CORPORATION,

8              Defendants.

9

10      Pursuant to Fed. R. Civ. P. 42 and 28 U.S.C. § 1404(a), Defendants Hess

11 Corporation and Hess Investment Corp. ("Hess"), American Oil & Gas Inc. ("American"),

12 Patrick D. O'Brien, Andrew P. Calerich, Jon R. Whitney, Nick DeMare, and Scott Hobbs

13 move to consolidate and transfer these cases to the United States District Court for the

14 District of Colorado ("District of Colorado") where American has its principal place of

15 business, substantially all the parties reside and the majority of responsive documents

16 are located.  No party resides in Nevada, neither a plaintiff nor a defendant, and there are

17 no documents, witnesses or other connections here.  The only connection is that one

18 party, which has been improperly joined and as against which no claim has been stated,

19 is incorporated here.  Consolidation and transfer of these three cases to the District of

20 Colorado is proper as the convenience of the parties and witnesses, and the interest of

21 justice, will be best served by moving the action to Colorado where it may be

22 consolidated with other identical, pending actions concerning the same transaction.

23 Defendants' motion is based on the following Memorandum Of Points And Authorities.

<div align="center">

**MEMORANDUM OF POINTS AND AUTHORITIES**

</div>

24

25   I.     **PRELIMINARY STATEMENT**

26      On July 27, 2010, Defendants Hess and American announced their intention to

27 merge (the "Proposed Merger"), subject to, among other conditions, the requirement that

28 a majority of American's stockholders vote to approve the Proposed Merger.  In doing so,

<div style="text-align: left; font-style: italic;">
BALLARD SPAHR LLP<br>
100 NORTH CITY PARKWAY, SUITE 1750<br>
LAS VEGAS, NEVADA 89106-4617<br>
(702) 471-7000 FAX (702) 471-7070
</div>

they set off a predictable race to the courthouse by the stockholder plaintiffs' bar.[1]  To date, fourteen complaints have been filed in federal court in Denver, Colorado, in Colorado state court, and in Nevada state court.[2]  All of these copy-cat complaints allege the same breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims against the same parties in connection with the same Proposed Merger.

Defendants bring this motion to consolidate the three identical cases pending before this Court, brought on behalf of the identical putative class of American stockholders against identical Defendants and alleging identical claims, and to transfer such consolidated action to the District of Colorado where four other identical class action lawsuits involving the same claims and same parties are pending and which are also subject to a motion for consolidation previously filed by the plaintiffs there.[3]  As discussed below, all parties, including Plaintiffs, recognize that consolidation of these identical complaints is necessary to avoid waste, promote judicial economy and avoid the risk of inconsistent rulings, and the most appropriate forum for this dispute is in the District of Colorado.

First, Plaintiffs' counsel previously moved to consolidate the very same cases which are the subject of this motion when these same cases were pending before various Nevada state courts, conceding that:

---

[1]  As one court observed, a merger almost invariably "draws shareholder litigation within days of its announcement.  An unseemly filing Olympiad typically ensues, with the view that speedy filing establishes a better seat at the table for the plaintiffs' firms involved." In re Topps Co. S'holders Litig., 924 A.2d 951, 957 (Del. Ch. 2007).

[2]  The Smitherman, Luvara and Buckman actions at issue here were originally filed in Nevada state court and removed by Defendants by Notices of Removal, dated August 19, 2010 and August 20, 2010 (together, the "Nevada Federal Cases").

[3]  See Cobb v. Am. Oil & Gas, Inc., No. 1:10-CV-01822-PAB (D. Colo.) (Counsel for Plaintiffs in this Colorado federal court action is also counsel for Plaintiffs in the Buckman Nevada federal court action which is the subject of this motion); Feinman v. Am. Oil & Gas, Inc., No. 1:10-CV-01846-MSK (D. Colo.); Finkel v. Am. Oil & Gas, Inc., No. 1:10-CV-01808-PAB (D. Colo.); Veigel v. Am. Oil & Gas, Inc., No. 1:10-CV-01852-PAB (D. Colo.).

Ballard Spahr LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

- These actions "*involve identical questions of fact and law.*"

- "[M]aintaining the [cases] as separate actions will *inevitably result in the waste of judicial resources and create administrative confusion* . . . ."

- "[T]he *risk of inconsistent rulings* in this instance *is particularly compelling* . . . ."

- The *consolidation* of the cases would "*facilitate the administration of justice and promote judicial economy without any foreseeable prejudice.*"[4]

Those reasons to consolidate apply as to all cases, not just the ones filed in Nevada.   Accordingly, any opposition by Plaintiffs to this Motion would be not only incorrect, but also patently inconsistent with their previous litigation positions.

<u>Second</u>, Plaintiffs' counsel has filed an identical suit in the District of Colorado and has confirmed to Defendants' counsel its intention to join in the motion to consolidate the District of Colorado cases brought by the various plaintiff law firms there.   There is no basis to have two identical partially consolidated cases racing towards judgment, particularly by the same counsel.   Counsel can show no basis for starting duplicative actions in separate states.   Incredibly, in pre-motion communications, Plaintiffs' counsel stated that they would consider not opposing this Motion if Defendants would support Plaintiffs' counsel's motion to be appointed Lead Plaintiffs' Counsel in the District of Colorado cases.   The appointment of Lead Counsel in the District of Colorado cases is a matter for such federal court and the various plaintiff law firms involved.   Plaintiffs' counsel's maneuvering to be Lead Counsel cannot serve as a basis for them to oppose consolidation of the cases, and the parties and the Courts should not be burdened with

---

[4]   *See* Plaintiff's Motion For Consolidation Of Related Actions And Appointment of Co-Lead Counsel; And Memorandum Of Points And Authorities In Support Thereof at 10, *Buckman v. Am. Oil & Gas, Inc.*, No. 10-OC-00322 1B (1st Jud. Dist., Carson City) ("Plaintiffs' Consolidation Motion") (emphasis added).   Defendants have not burdened the Court by attaching this prior state court filing by Plaintiffs but, of course, a copy of the motion can be supplied if the Court desires.

DMWEST #7776444 v1

the waste, cost and risk of inconsistent adjudications from continuing to litigate in varying jurisdictions solely to further Plaintiffs' counsel's interest in fees.

Third, the appropriate forum for resolution of the challenge to the Proposed Merger is in the District of Colorado, not in the District of Nevada.  The company being acquired, American, is headquartered in Denver, Colorado, substantially all of the potentially relevant witnesses are located in Colorado and/or New York, and the majority of all potentially relevant documents are located in Colorado or New York.  None of the parties (Plaintiffs or Defendants), witnesses or documents are located in Nevada.  No party has entered or transacted business in Nevada relating to this case.  Four identical putative class actions are already pending in the District of Colorado.  And, as discussed above, Plaintiffs' counsel concedes that Colorado is an appropriate forum because one of those four actions was brought by this same Plaintiffs' counsel.

Fourth, the District of Colorado cases are further advanced than the cases before this Court.  As discussed above, a motion to consolidate the District of Colorado cases, and appoint lead plaintiffs' counsel, was previously filed.  The District of Colorado issued various orders weeks ago setting dates for Scheduling Conferences, meet and confer requirements relating to Rule 26(a)(1) issues, and submission of joint proposed scheduling and planning orders.

## II.   ARGUMENT

### A.   The Nevada Federal Cases Should Be Consolidated Because They Involve Identical Putative Classes, Defendants, Facts And Claims

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a); *see also Manual For Complex Litigation* (Fourth) § 20.11 (2010).

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

It has long been held that a district court is authorized "to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  District courts have discretion pursuant to Fed. R. Civ. P. 42(a) to consolidate cases which involve common questions of law and fact "under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970).

The authority and discretion of district courts to consolidate actions includes "the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder derivative suits." *Horn v. Raines*, 227 F.R.D. 1, 2-3 (D.D.C. 2005).  Thus, the Court here is authorized to order the consolidation of the Nevada Federal Cases, as well as any subsequently filed action alleging similar facts.

As noted above, each of the related actions here is identical, alleging common facts regarding the proposed acquisition of American by Hess, naming as Defendants the same individuals and corporate entities, alleging the same claims of breach of fiduciary duty and aiding and abetting breach of fiduciary duty, purporting to represent the same class of Plaintiffs, and seeking the same relief.

Further, Plaintiffs have not just conceded that consolidation here is appropriate, but have actively argued in their own motion to consolidate these cases filed in Nevada state court prior to the removal of the cases to federal court that the consolidation of these actions is  "compelling" and required to avoid the "inevitabl[e] . . . waste of judicial resources," "administrative confusion," and "risk of inconsistent rulings," and consolidation will "facilitate the administration of justice and promote judicial economy without any foreseeable prejudice."  *See* Plaintiffs' Consolidation Motion, *supra* at 4 (quoted in the Preliminary Statement).  Accordingly, the need for consolidation of the related actions is admitted and plain.  *See Spencer v. Whorton*, No. 3:07-CV-0635-LRH (VPC), slip op. (D. Nev. July 23, 2008) (granting motion to transfer to consolidate six cases involving identical claims).

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

**B.    The Consolidated Actions Should Be Transferred To The District Of Colorado**

The consolidated actions should be transferred to the District of Colorado — where four identical actions involving the same parties and claims are pending (including one action filed by the same Plaintiffs' counsel here) — as the most appropriate forum to determine this dispute.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The purpose of section 1404 is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).  As one United States District Court of Nevada aptly held:

> Litigation of related claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results. The waste of judicial resources and inconvenience to parties and witnesses are manifest when the same issues arising from the same transactions are litigated in two different courts.

*Cambridge Filter Corp. v. Int'l Filter Co.*, 548 F. Supp. 1308, 1310 (D. Nev. 1982) (Reed, J.) (internal citation omitted); *see also Mussetter Distrib. Inc. v. DBI Beverage Inc.*, No. CIV. 09-1442 WBS EFB, 2009 WL 1992356, at *4 (E.D. Cal. July 8, 2009) ("'[T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'") (quoting *Cont'l Grain Co.*, 364 U.S. at 26)).

To transfer an action under section 1404, the Court must make two findings:  (1) that the transferee district is one in which the action might have been brought, and (2) that a transfer would be convenient and in the interest of justice. *Hatch v. Reliance Ins. Co*, 758 F.2d 409, 414 (9th Cir. 1985).  Both elements are present here.

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

1.   <u>The Consolidated Action Could Have Been Brought in the District of Colorado</u>

Under section 1404(a), a district court may transfer an action to any district in which plaintiffs might have brought the action. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386 (9th Cir. 1974).   The party moving for transfer must show "the proposed transferee court possesses subject matter jurisdiction over the action, the parties would be subject to personal jurisdiction in the transferee court, and venue would have been proper in the transferee court." *Viper Networks, Inc. v. Rates Tech. Inc.*, No. 09cv768 L(RBB), 2009 WL 4261167, at *1 (S.D. Cal. Nov. 23, 2009) (citing *Hoffman*, 363 U.S. at 344; *A.J. Indus.*, 503 F.2d at 386).   Here, all three prerequisites are met.

The District of Colorado has subject matter jurisdiction over the actions on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332.   <u>First</u>, there is complete diversity between Plaintiffs and Defendants.[5]   *See* Notices of Removal ¶ 4.   <u>Second</u>, the amount in controversy exceeds $75,000.   *See* Notices of Removal ¶ 6.   As Plaintiffs seek exclusively injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 33, 347 (1977).   And where, as here, Plaintiffs seek an injunction to enforce a collective right of a class, it is appropriate to consider the value of the injunction from either Plaintiffs' or Defendants' perspective.   *In re Ford Motor Co.*, 264 F.3d 952, 958-59 (9th Cir. 2001) (under the "either viewpoint" rule, the court must consider "the pecuniary result to either party which the judgment would directly produce"); *Matulich v. Aegis Commc'ns Group, Inc.*, 2007 WL 1662667, at *8 (Del. Ch. 2007) (the ability of shareholders to block a merger is a "collective right").

---

[5]   In class actions, courts consider the citizenship of the named plaintiffs in assessing diversity.   *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 162 (2d Cir. 1987)

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

Here, the object of this litigation is Plaintiffs' efforts to enjoin the Proposed Merger between American and Hess valued at approximately $450 million.   Accordingly, the amount in controversy requirement is easily satisfied.   For example, in *7547 Partners v. Fistek*, 114 F.3d 1183, at *5 (5th Cir. 1997), the court held that the amount in controversy was easily satisfied where plaintiffs sought to enjoin the merger of a partnership with $216 million in assets, finding that "[t]here is no need to do empirical calculations or seek evaluations from investment bankers to determine the financial impact of the consolidation because it is obvious that the value of enjoining a merger of such large entities easily exceeds" the statutory threshold.

With respect to the other two requirements, there is no dispute that Defendants are subject to personal jurisdiction in the District of Colorado where they are already litigating actions identical to these, and venue is proper pursuant to 28 U.S.C. § 1391(a) because, as the location of American's headquarters, Colorado is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Indeed, that these actions "might have been brought" in the District of Colorado is confirmed by the fact that the same Plaintiffs' counsel filed an identical, "copy-cat" action in the District of Colorado.

2.    Convenience and The Interests of Justice Heavily Favor Transfer

As to the second requirement  — a transfer would be convenient and in the interest of justice — Nevada federal courts are required to weigh multiple factors to determine whether a transfer is appropriate in a particular case, including, for example: "(a) the existence of related litigation; (b) convenience of the parties; (c) parties' contacts with the forum and the relationship of claims to the forum; (d) the relative ease of access to sources of proof; (e) availability of process to compel the presence of unwilling witnesses; and (f) the interests of justice in general." *Upper Deck Co. v. Konami Mktg., Inc.*, No. 2:08-cv-01737-RCJ-GWF, 2009 WL 3053704, at *3 (D. Nev. Sept. 18, 2009) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (same).

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

(a)   The Existence of the Related District of Colorado Litigation Favors Transfer

"'An important consideration in determining whether the interests of justice dictate a transfer of venue is the pending of a related case in the transferee forum.'" *Viper Networks*, 2009 WL 4261167, at *4 (quoting *Madani v. Shell Oil Co.*, No. C07-04296 MJJ, 2008 WL 268986, at *2 (N.D. Cal. Jan. 30, 2008)).   "The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus.*, 503 F.2d at 389 (internal citation omitted); *see also Mussetter Distrib.*, 2009 WL 1992356, at *4 ("'[T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'") (quoting *Cont'l Grain Co.*, 364 U.S. at 26).   In such circumstances, transferring a related action also serves the important goal of avoiding the possibility of inconsistent judgments.   *Mussetter Distrib.*, 2009 WL 1992356, at *5.

Accordingly, the existence of four identical actions pending in the District of Colorado weighs heavily in favor of transfer.   There is no reason that the parties and the respective Courts should bear the burden of wasted time, energy and expense, and the risk of possibly inconsistent judgments, attendant to litigating the identical case in multiple jurisdictions — particularly where Plaintiffs' counsel has commenced one of the four actions pending in the District of Colorado, seeks consolidation of such cases there, and has moved (or intends shortly to move) for appointment as lead plaintiffs' counsel in such jurisdiction.

In addition, the District of Colorado cases are further advanced than the proceedings in this forum.   As discussed above, a motion to consolidate the District of Colorado cases, and appoint lead plaintiffs' counsel, was previously filed.   The District of Colorado issued various orders weeks ago setting dates for Scheduling Conferences,

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

1    meet and confer requirements relating to Rule 26(a)(1) issues, and submission of joint

2    proposed scheduling and planning orders.

3                    (b)    Colorado is The Most Convenient Forum

4          The convenience of the parties and witnesses, and availability of proof, strongly

5    favors transfer to the District of Colorado.  "A primary concern is the convenience of

6    witnesses." *Cambridge Filter*, 548 F. Supp. at 1311 (transferring case from Nevada to

7    California where majority of witnesses reside in California and no witnesses live in

8    Nevada, and noting that "depositions are a poor substitute for live testimony, especially

9    where vital issues of fact may hinge on credibility"); *Zimpelman v. Progressive N. Ins.*

10   *Co.*, No. C-09-03306 RMW, 2010 WL 135325, at *2 (N.D. Cal. Jan. 8, 2010) ("The

11   convenience of witnesses has been called the most powerful factor governing the

12   decision to transfer a case."); *Steiner v. Hercules, Inc.*, No. 90-1247, 1990 WL 97811, at

13   *2 (E.D. Pa. July 9, 1990) (transferring case to forum where majority of witnesses are

14   located thus enabling them "to make productive use of their time between court

15   appearances" and avoiding the expense of hotel lodging).

16         Here, all but one of the individual defendants are residents of Colorado.  *See*

17   Affidavit of Andrew Calerich, attached as Ex. A.  The one individual defendant who is not

18   from Colorado lives in Canada.  Id. at ¶ 5.  American has its principal place of business in

19   Denver, Colorado.  Id. at ¶ 3. In addition, all of the relevant documents and witnesses are

20   located in Colorado and/or New York.  Id. at ¶ 7.  Moreover, American has no offices in

21   Nevada, no employees in Nevada, and has no material business interests in Nevada.  Id.

22   at ¶ 11.

23         None of the parties, witnesses or documents are located in Nevada.  *See Miracle*

24   *Blade, LLC v. Ebrands Commerce Grp., LLC,* 207 F. Supp. 2d 1136, 1156-57 (D. Nev.

25   2002) (granting transfer from Nevada to California where nearly all parties, including

26   plaintiff, reside in California, none are located in Nevada, and access to proof is easier in

27   California where "many of the activities giving rise to the litigation most likely occurred . .

28   .  and all of the evidence remains"); *Steiner*, 1990 WL 97811, at *2 (transferring case to

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

1  forum that "would enable defendants to be nearer to their offices during trial, thereby

2  causing less disruption to the business operations of the company and causing less of a

3  burden on defendants" and would have no impact on convenience to plaintiff).

4                    (c)     Plaintiffs' Choice of Forum Deserves No Deference

5          As this Court previously held, "[t]he facts that Nevada is Plaintiff's choice of forum

6  and Defendant's state of incorporation, standing alone, do not satisfy the criteria of §

7  1404(a)." *Cambridge Filter*, 548 F. Supp. at 1311.[6]    Here, Plaintiffs' choice of venue

8  deserves no deference for at least two reasons.  First, Plaintiffs each purport to represent

9  a nationwide class, and federal courts, including courts in the Ninth Circuit, have stated

10  that plaintiff's choice of forum is given less weight when the matter is a class action,

11  especially a nationwide class action.  *Lou v. Belzer*, 834 F.2d 730, 739 (9th Cir. 1987)

12  ("[W]hen an individual . . . represents a class, the named plaintiff's choice of forum is

13  given less weight."); *Berenson v. Nat'l Fin. Servs., LLC*, 319 F. Supp. 2d 1, 3 (D.D.C.

14  2004) ("[C]ertainly in a class action suit in which the plaintiffs propose to represent a

15  class of potential plaintiffs who reside throughout the country, the plaintiffs' choice of

16  forum deserves less weight than it is typically given."); *Williams v. Sears Roebuck & Co.*,

17  No. C97-3794 FMS, 1998 WL 61307, at *1 (N.D. Cal. Jan. 29, 1998) ("There is little

18  deference given to choice of forums by plaintiff representing a nationwide class.");

19  *Steiner*, 1990 WL 97811, at *2 ("[C]ourts typically give plaintiffs' choice of forum less

20  weight in class action cases."); *Supco Auto. Parts, Inc. v. Triangle Auto Spring Co.*, 538

21  F. Supp. 1187, 1192 (E.D. Pa. 1982) ("[W]here, as here, the plaintiff seeks to represent a

22

23  _____

24          [6]    Plaintiffs' counsel's only ostensible reason for filing these cases in Nevada is
that American is incorporated under Nevada law.  The federal court in the District of
25  Colorado, however, is more than amply suited to apply Nevada law.  *See Nautilus Ins.
Co. v. A. Moore Constr. & Roofing, Inc.*, No. 10-1211 (RHK/SRN), 2010 WL 1985929, at
26  *3 (D. Minn. July 27, 2010) ("federal district courts are 'faced almost daily with the task of
applying some state's law other than [their own], and [they are] capable of resolving . . .
27  dispute[s] under' another state's law.") (citing *Hughes v. WalMart Stores, Inc.*, 250 F. 3d
618, 620 (8th Cir. 2001)).

28

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

1  class of many potential plaintiffs scattered across the country, plaintiff's choice of forum

2  deserves less weight.").

3      Second, none of the plaintiffs reside in Nevada.  Plaintiff's choice of forum is given

4  less weight where, as here, it is not the same as his residence.  *See, e.g., Miracle*

5  *Blade*, 207 F. Supp. 2d at 1155-57 ("A plaintiff's choice of forum is normally only given

6  substantial deference if the plaintiff is a resident of the district in which the action is

7  brought.  Otherwise, this bears little significance on determining whether to grant a

8  discretionary transfer.") (finding that transfer was warranted); *Burstein v. Applied*

9  *Extrusion Techs., Inc.*, 829 F. Supp. 106, 110 (D. Del. 1992) ("When the plaintiff has

10  chosen to bring suit in a district that is not his 'home turf' and which has no connection to

11  any of the acts giving rise to the lawsuit, the convenience to the plaintiff is 'not as great as

12  it would be were [he] litigating at or near [his] principal place of business or at the site of

13  the activities at issue in the lawsuit.'") (citation omitted).

14      (d)      The General Interests Of Justice Favor Transfer

15      In addition to the above, the general interests of justice strongly favor

16  transfer to the District of Colorado because not only is Plaintiffs' counsel capable of

17  litigating in such forum, but Plaintiffs' counsel voluntarily has chosen simultaneously to

18  file suit, and actively litigate, in such forum.  The only candid, and improper, reason

19  provided by Plaintiffs' counsel to continue to litigate in this less convenient and

20  appropriate forum is to increase Plaintiffs' counsel's leverage in jockeying with the other

21  plaintiff law firms for primacy among such firms.  In light of all the relevant factors, the

22  related actions should be consolidated and transferred to the District of Colorado.

23

24      [Remainder of page intentionally omitted]

25

26

27

28

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

1 | III.    **CONCLUSION**

2        For the foregoing reasons, the motion to consolidate and to transfer venue to the

3 | District of Colorado should be granted.

4 | Dated: August 25, 2010

5                    Dated August 26, 2010.

6                                        BALLARD SPAHR LLP

7

8                                        By:   /s Abran E. Vigil
9                                             Abran E. Vigil
                                             Nevada Bar No. 7548
10                                            100 North City Parkway, Suite 1750
                                             Las Vegas, Nevada  89106-4617
11                                           Attorneys for Defendants
                                             HESS CORPORATION AND
12                                           HESS INVESTMENT CORP

13                                       And

14                                       WOODBURN & WEDGE

15

16                                       By:  /s W. Chris Wicker
                                             W. Chris Wicker
17                                           Nevada Bar No. 1037
                                             Michael W. Keane
18                                           Nevada Bar No. 7398
                                             6100 Neil Road, Suite 500
19                                           Reno,  Nevada 89511
                                             Attorneys for Defendants
20                                           American  Oil & Gas, Inc., Patrick D.
                                             O'Brien, Andrew P. Calerich, Jon R.
21                                           Whitney,  Nick  DeMare,  and  Scott
                                             Hobbs

22

23

24

25

26

27

28

*BALLARD SPAHR LLP*
*100 NORTH CITY PARKWAY, SUITE 1750*
*LAS VEGAS, NEVADA 89106-4617*
*(702) 471-7000 FAX (702) 471-7070*

DMWEST #7776444 v1                            14

## **CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. 5(b), I hereby certify that on the 26th day of August, 2010, a true and correct copy of the foregoing DEFENDANTS' MOTION TO CONSOLIDATE AND TRANSFER CASES was served to the following in the manner set forth below:

| | |
|---|---|
| J. Chris Wicker, Esq.<br>Michael W. Keane, Esq.<br>Woodburn and Wedge<br>6100 Neil Road, Suite 500<br>Reno, NV 89511 | Philip M. Smith<br>Patton Boggs<br>1185 Avenue of the Americas, 30th Floor<br>New York, NY 10036 |
| *Attorneys for Defendants Patrick O'Brien, Andrew P. Calerich, Jon R. Whitney, Nick DeMare, Scott Hobbs and American Oil and Gas* | *Attorneys for Defendants Patrick O'Brien, Andrew P. Calerich, Jon R. Whitney, Nick DeMare, Scott Hobbs and American Oil and Gas* |
| Dan C. Bowen<br>Ann O. Hall<br>Bowen Hall Ohlson & Osborne<br>555 South Center Street<br>Reno, NV 89501 | William O'Mara<br>David O'Mara<br>William O'Mara Law Firm, P.C.<br>311 East Liberty Street<br>Reno, NV 89501 |
| *Attorney for Plaintiff Smitherman*<br>Robbins Geller Rudman & Dows LLP<br>Darren J. Robbins<br>Randall J. Baron<br>A. Rick Atwood, Jr.<br>Davit T. Wissbroecker<br>David A. Knotts<br>Eun Jin Lee<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101-3301 | *Attorneys for Plaintiffs Buckman/Luvara*<br>Kendall Law Group<br>Joe Kendall<br>Scott Kendall<br>3232 McKinney Avenue, Suite 700<br>Dallas, TX 75204<br>*Attorneys for Plaintiffs Buckman/Luvara* |
| *Attorneys for Plaintiffs Buckman/Luvara* | |

[ ]   FACSIMILE TRANSMISSION

[ ]   U.S. MAIL, POSTAGE PREPAID

[ ]   Certified Mail, Receipt No. _____,
        return receipt requested

[X]   Electronic Service via CM/ECF


                          /s Catherine Wrangham
                          An employee of
                          Ballard Spahr LLP

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

EXHIBIT A – DECLARATION OF ANDREW CALERICH

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

EXHIBIT A – DECLARATION OF ANDREW CALERICH

ABRAN E. VIGIL
NEVADA BAR NO. 7548
BALLARD SPAHR LLP
100 North City Parkway
Suite 1750
Las Vegas, NV 89106-4617
Telephone:  (702) 471-7000
Facsimile:  (702) 471-7070

Attorneys for Defendants
HESS CORPORATION
AND HESS INVESTMENT CORP.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROGER SMITHERMAN, individually and on Behalf of Himself and all Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v.<br><br>PATRICK D. O'BRIEN, ANDREW P. CALERICH, JON R. WHITNEY, NICK DEMARE, SCOTT HOBBS, HESS CORPORATION, HESS INVESTMENT CORP., and AMERICAN OIL & GAS INC.<br><br>                    Defendants. | Cause No.:  3:10cv00519-ECR-RAM<br><br>CLASS ACTION<br><br>DECLARATION OF ANDREW CALERICH IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE AND TRANSFER CASES |

– 1 –

1

2  | JOSEPH LUVARA, individually and on ) Cause No.:  3:10cv00514

3  Behalf of Himself and all )
   Others Similarly Situated, )

4                                        )

5              Plaintiff, )

6  v. )

7  AMERICAN OIL & GAS INC., PATRICK )
   D. O'BRIEN, ANDREW P. CALERICH, )

8  JON R. WHITNEY, NICK DEMARE, )
   SCOTT HOBBS, and HESS )

9  CORPORATION )

10

11            Defendants.

12

13 | RICHARD BUCKMAN, individually and on ) Cause No.:  3:10-cv-00513

14 Behalf of Himself and all )
   Others Similarly Situated, )

15                                       )

16            Plaintiff, )

17 v. )

18 AMERICAN OIL & GAS INC., PATRICK )
   D. O'BRIEN, ANDREW P. CALERICH, )

19 JON R. WHITNEY, NICK DEMARE, C. )
   SCOTT HOBBS, AND HESS )

20 CORPORATION )

21

22            Defendants.

23

24

25

26

27                    – 2 –

28

I, ANDREW CALERICH, declare:

    1.  I am the President of Defendant American Oil & Gas Inc. ("American Oil") and a named defendant in these actions.

    2.  I make this declaration in support of Defendants Patrick D. O'Brien, Andrew P. Calerich, Jon R. Whitney, Nick DeMare, C. Scott Hobbs, Hess Corporation, Hess Investment Corp., and American Oil's Motion to Consolidate and Transfer Cases.

    3.  American Oil's corporate headquarters are located at 1050 17th Street, Suite 2400, Denver, CO 80265.

    4.  I and defendants/directors Patrick D. O'Brien, Jon R. Whitney, C. Scott Hobbs all live and work in the Denver area.

    5.  Defendant/director Nick DeMare is a Canadian citizen and resides in Vancouver, British Columbia.

    6.  One of American Oil's key employees (and a defendant in related actions that have been filed), Joseph Feiten, is the Chief Financial Officer and lives and works in the Denver area.

    7.  Most of the potentially relevant documents are located at American Oil's corporate headquarters in Denver, Colorado.

    8.  American Oil's financial advisors are Tudor Pickering Holt & Co. ("Tudor Pickering"), which has offices in Denver and Houston, Texas.  I am advised that the lead professionals at Tudor Pickering may be witnesses that have relevant facts relating to the claims in this action.  American Oil's point person at Tudor Pickering is Ward Polzin, Managing Director and head of the acquisitions and divestiture practice at Tudor Pickering and lives and works in the Denver area.  The other key members of the Tudor Pickering team include Lance Gilliland (head of mergers and acquisitions) and Chad Michael (director of investment banking) who are based in Houston, Texas.

– 3 –

9.   Our public auditor is Hein & Associates, and the engagement partners James Brendel and William Yates, concurring partner Keith Tunnel, and audit engagement manager Susie Kuntz, are all based in Denver.

10. Our consulting petroleum engineering firm is Ryder Scott Company, L.P., one the leading reservoir evaluation consulting firms in the industry.  The key consultant to American Oil at Ryder Scott is Tom Venglar, who is based in Denver.

11. While American Oil is incorporated in Nevada, it has no offices or material business interests there.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 26, 2010

Andrew Calerich

– 4 –